## CIRCUIT COURT OF THE CITY OF RICHMOND

Florence H. Rose,
Adm'x of the Estate of
Robert C. Rose,
Deceased

v.

Penelope S. Crandall

February 23, 1994

Case No. LU-4395-4

By Judge Melvin R. Hughes, Jr.

This is a suit for wrongful death arising out of an automobile accident. Before the Court is defendant's Motion to Disqualify Plaintiff's Counsel and the Administrator, Florence Rose. The parties do not dispute the background that brings about the motion and the opposition to it.

On January 18, 1991, plaintiff-administrator (Rose) and her decedent, her husband (Mr. Rose), were involved in an automobile accident at an intersection in Richmond. Mr. Rose was driving at the time, and Rose was the only passenger. Mr. Rose died as a result of the accident. Rose retained present counsel to pursue a claim for injuries she received in the accident against Mr. Rose's estate. Rose's theory was that Mr. Rose was negligent by running a red light, causing the accident. Without ever filing suit, counsel for Rose successfully negotiated a monetary settlement for Rose with Mr. Rose's insurer. Now, in this case after having been later appointed administrator of her husband's estate, Rose brings this wrongful death action against the other driver in the accident on the theory that she, instead of Mr. Rose, ran the red light and caused the accident. Rose pursues this theory because a witness who was known but not located until after she settled her own

claim is now available and will testify assigning fault to the other driver.

This is not the first time the same question of proprieties has been raised in this case. On the morning this case was set for trial originally, September 9, 1993, counsel for defendant made an oral motion to disqualify. The case did not go forward, and the motion was not decided until later that day at or after a telephone conference with counsel. At that time, the Court ruled in favor of the motion, but because the case was continued, leave was granted to reconsider upon the filing of a written motion and argument, which has occurred.

According to counsel for plaintiff, following the hearing on the motion to disqualify, counsel for defendant indicated it would be appropriate to put the issues of the motion to the Virginia State Bar Standing Committee for an opinion. Counsel for plaintiff has since provided the Court with a copy of a Legal Ethics Opinion under the facts of the motion which opines that it is not an ethical violation on the part of counsel to represent Rose. This position is grounded mainly on the idea that Rose can waive any conflict both as administrator and on her own behalf upon her consent after full disclosure.

The motion is troubling because if granted, it would obviously have a direct impact on the right of the personal representative, as anyone, to choose counsel. However, it seems inappropriate to me that counsel can represent one party in a claim arising out of an accident on one theory of recovery, bring that claim to settlement in that party's favor, and later represent another party on another, different cause of action arising out of the same accident asserting a directly opposite theory of recovery than that which counsel pursued for the first party. This impression is an "appearance" assessment. Under Canon 9, a lawyer should avoid even an appearance of impropriety. The Court agrees with counsel for plaintiff that there is no place any more for the indiscriminate application of Canon 9. Rather, a charge of ethical violation should be examined to determine if other specific ethical and disciplinary rules are violated and not use "appearance" as a catch-all. As to the administrator, the question of her own claim is liable to come up if she testifies and is examined about her recollection of the accident. Hereafter, the Court will examine the motion as to Rose, then as to Rose's counsel.

The motion is grounded on Rose's contention that she has no memory of the accident, and thus she will not be able to testify about

the condition of the light at trial. Rose relies on her discovery deposition where she testifies she does not remember. Rose contends that when she made her own claim, the only basis she had to claim negligence against her husband's estate was the assertion by this defendant then, as now, that Mr. Rose ran the red light and caused the accident. As to Rose, the motion asserts that "her involvement is improper" because she is "estopped from retracting prior assertions" made against Mr. Rose's estate during her claim. As to her counsel, the motion asserts that counsel may be called on to testify regarding any statements Rose may have made, or any that counsel may have made on Rose's behalf during Rose's personal claim that are against her present position about how the accident happened.

The Court cannot decide whether Rose remembers or not. There is no evidence or stipulation that Rose is unable to testify about the accident at trial. Counsel for Rose has stated that Rose will testify at the trial on matters occurring before and after the accident. Defendant relies on the consequences of this inability by arguing that this sets the stage to call her attorneys to testify about statements Rose may have made or they made during Rose's claim. I agree with Rose that if she cannot remember and thus imparted nothing to her attorneys about what happened, her lawyers could not testify because they could only relate their impressions and theories of recovery developed during their representation of Rose on her personal claim. As such, this would be attorney work product which is not relevant for the jury in the trial of the case. On the other hand, if at trial Rose is shown to know facts about how the accident happened, at trial this would put Rose in an untenable position as plaintiff-personal representative vis-a-vis the estate and the beneficiaries for whom she seeks recovery. This is worthy of consideration given Rose's position as named plaintiff, apart from the fact that otherwise she was there when the accident occurred and would be merely a witness. While I realize that in Rose's view this is most improbable given her previous statements, I worry that a determination now that Rose will not be able to testify about the accident would deprive the defendant of the right to examine Rose on this question at trial. The Court has no basis now to limit the scope of defendant's examination until the evidence at trial. For these reasons, Rose ought to be removed as administrator and replaced with someone else who does not present these problems.

Next is the matter of whether counsel should be disqualified. Virginia Code of Professional Responsibility DR 5-101(B) provides in pertinent part that "[a] lawyer shall not accept employment in contemplated . . . litigation if he knows or it is obvious that he . . . ought to be called as a witness . . . ." The information that counsel would have about the case is protected by the attorney-client privilege (if, for instance, Rose had perhaps told counsel she indeed had a recollection of the accident) since counsel was not a witness to the accident. Any non-privileged information that counsel perhaps has concerning the negotiations with Mr. Rose's insurance company would be irrelevant, any impressions, strategies, work product since the case involves a different plaintiff and will not be affected by the outcome of Rose's claim.

It is not apparent or to have been "obvious" that counsel "ought to be called a witness" prior to accepting employment since counsel had no firsthand knowledge about the accident. Counsel is not disqualified under DR 5-101.

DR 5-102(B) states that if a lawyer learns after undertaking employment for contemplated or pending litigation that it is obvious that he may be called as a witness other than on behalf of his client, he may continue representation until it is apparent that his testimony is or may be prejudicial to his client. The purpose of this rule is to avoid putting a lawyer in the predicament of testifying and then having to argue the credibility and effect of his own testimony. It was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel. *See, Galarowicz v. Ward*, 119 Utah 611, 620, 230 P.2d 576, 580 (1951).

This seems to be applicable to the case at hand. Counsel has no first hand knowledge of the facts of the case, and simply because she has handled a claim arising out of the same transaction does not elevate her to the position of a "witness." "There surely should be no great harm in a lawyer knowing something about the subject matter of his lawsuit . . . ." *Id.*

There are other ethical questions relating to counsel. DR 4-101(B) requires that a lawyer not knowingly reveal a confidence or secret of his client or use a confidence or secret for the advantage of himself or another person, unless the client consents after full disclosure. DR 5-105(D) provides that a lawyer who has represented a client in a matter cannot later represent another client in the same or substantially

related matter if the interest of that person is adverse in any material way to the interest of the former client unless the former client consents after disclosure. If there is disclosure and consent given between counsel and client as the rules direct, counsel is not disqualified.

Accordingly, reconsidering, the motion is overruled in part and sustained in part.